HURLEY, Judge,
dissenting.
The distribution of marital assets in this ease was expressly predicated on the following finding of fact:
It is through the joint effort and earnings of the husband and wife that the wife has been able to acquire the residence in her sole name and it is through their joint efforts that the husband has been able to acquire the savings account in his sole name.
This is another case that illustrates the fact that a marriage is not a business. The evidence convinces the court that it is completely impossible, at least in this case, to ascertain whose funds went into the house and whose funds into the savings account. It was the husband’s earnings and payments of some bills that allowed the wife to make the mortgage payments. Conversely her contributions of earnings to the marriage allowed the husband to save the money that he saved.
In light of the above finding which, I believe, is supported by the record, I cannot characterize an equal division of assets ae- *636 quired during a forty-four year marriage as one which no reasonable person could have devised. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). In my view, the majority has reweighed the evidence and substituted its judgment for that of the trier of fact. Thus, I respectfully dissent.